IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABIGAIL ELLIS
   Plaintiff,

v.

CASE NO. 6:17-CV-1112-ORL-31DCI

PETERSENDEAN ROOFING AND
SOLAR SYSTEMS,
   Defendant.

_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, PETERSENDEAN ROOFING AND SOLAR SYSTEMS ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the applicable Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Middle District of Florida, and hereby files this Notice of and Petition for Removal. Defendant hereby requests that this Court remove this action filed by Plaintiff, ABIGAIL ELLIS ("Plaintiff"), from the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division. The removal of this action is based on the following:

### Background

1. On or about May 10, 2017, a civil action was filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, under the name and style *Abigail Ellis v. PetersenDean Roofing Solar Systems* (Case No.: 2017-CA-004316-O)

(hereinafter the "Circuit Court Case"). A true and correct copy of the Complaint is filed with this Notice and Petition for Removal. *See* Exhibit "A."

2. The Complaint in the Circuit Court Case alleges unpaid overtime and unpaid wages under federal and state law. In Court I, Plaintiff seek unpaid wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. 448.110. In Court II, Plaintiff seeks unpaid overtime under the FLSA. Plaintiff claims Defendant did not pay her full hourly wages despite Plaintiff working fifty (50) hours per week.

3. This action is within original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1331, as this civil action arises under the laws of the United States. *See* 28 U.S.C. § 1331. Specifically, causes of action within the scope of the FLSA are removable to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, pg. 8 (2003).

4. Pursuant to 28 U.S.C. § 1367, "the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. In the Complaint, Plaintiff is seeking unpaid wages under the FLSA and the Florida Minimum Wage Act on grounds that Defendant did not pay her full hourly wages despite Plaintiff working fifty (50) hours per week. Plaintiff's claims under the Florida Minimum Wage Act are related to Plaintiff's claims under the FLSA. As such, the Court has supplemental jurisdiction over these claims.

## Venue

5. The United States District Court for the Middle District of Florida, Orlando Division, includes the judicial circuit in which Plaintiff filed her Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

## Compliance With Procedural Requirements

6. On May 22, 2017, Defendant was served with the Complaint. This Notice of and Petition for Removal has been filed within thirty (30) days after service of the Complaint in the Circuit Court Case. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

7. Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file with the state court are filed with this Notice of and Petition for Removal as required by 28 U.S.C. § 1446(a) and Local Rule 4.02 M.D. Fla. *See* Exhibit "B."

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to all parties in this action and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

WHEREFORE, Defendant, PETERSEN DEAN ROOFING AND SOLAR SYSTEMS, respectfully requests that the United States District Court for the Middle District of Florida, Orlando Division, accept the removal of this action from the state court and direct that the Circuit Court of the Ninth Judicial Circuit in and for Orange

County, Florida, have no further jurisdiction of this matter unless and until this case is remanded.

DATED this 13th day of June, 2017.

Respectfully submitted,

*/s/ Jessica DeBono Anderson*
KRISTYNE E. KENNEDY
FBN: 0194700
JESSICA DEBONO ANDERSON
FBN: 58503
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 750
1900 Summit Tower Boulevard
Orlando, Florida 32810
Email: jessica.anderson@csklegal.com
Secondary Email:
Stephanie.rogers@csklegal.com
Telephone: (321) 972-0028
Facsimile: (321) 972-0099
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of June, 2017, a true and correct copy of the foregoing was furnished e-mail and U.S. Mail to: Kevin E. Vorhis, Cohen Grossman, N. Lake Destiny Road, Maitland, FL, 32751, kvorhis@itsaboutjustice.law and/or tiina@itsaboutjustce.law, Attorney for Plaintiff ABIGAIL ELLIS.

/s/ *Jessica DeBono Anderson*
KRISTYNE E. KENNEDY
FBN: 0194700
JESSICA DEBONO ANDERSON
FBN: 58503
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 750
1900 Summit Tower Boulevard
Orlando, Florida 32810
Email: jessica.anderson@csklegal.com
Secondary Email:
Stephanie.rogers@csklegal.com
Telephone: (321) 972-0028
Facsimile: (321) 972-0099
Attorneys for Defendant

\\orl-file\orldoc\170530_0003\[6763299] motion - defendant's notice and petition for remov.doc